```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _9/18/2023_
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

J.S.2,

                    Petitioner,

-against-

FEDERAL BUREAU OF PRISONS and
WARDEN OF FCI,

                    Respondents.

23 Civ. 5965 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      On July 10, 2023, Petitioner *pro se*, J.S.2, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. That same day, Petitioner submitted a motion requesting that his petition, "along with all other pleadings filed contemporaneously, and any and all other pleadings or documents that may, in the future, be filed pertaining to this matter, be filed and maintained under seal." ECF No. 3 at 1. Petitioner has not requested leave to proceed under a pseudonym. In light of Petitioner's *pro se* status, the Court shall first address whether Petitioner may proceed under a pseudonym.

      Under Rule 10(a) of the Federal Rules of Civil Procedure, "[t]he title of [a] complaint must name all the parties." Fed. R. Civ. P. 10(a). However, courts have "carved out a limited number of exceptions to the general requirement of disclosure of the names of parties, which permit plaintiffs to proceed anonymously." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) (cleaned up). Courts must balance the plaintiff's interest in anonymity "against both the public interest in disclosure and any prejudice to the defendant." *Id.* In determining whether a plaintiff may be allowed to maintain an action under a pseudonym, courts can consider the following "non-exhaustive" list of factors:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press [her] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [her] identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10)

whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 189–90 (cleaned up).

Based on these factors, the Court determines that allowing Petitioner to proceed under a pseudonym is appropriate. *Id.*; *see Doe v. Vassar College*, No. 19 Civ. 9601, 2019 WL 5963482, at *2 (S.D.N.Y. Nov. 13, 2019).

In addition, after reviewing Petitioner's submission to seal materials related to the petition and the docket in its entirety, the Court concludes that Petitioner has met the burden to demonstrate that the interests in filing these materials and keeping the docket under seal outweigh the presumption of public access under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124–27 (2d Cir. 2006) (outlining the standard for overcoming the presumption in favor of public access). Accordingly, Petitioner's submissions to date, ECF Nos. 1–4, 8, and the docket shall remain under seal until further order of the Court.

The Clerk of Court is directed to terminate the motion at ECF No. 3 and mail a copy of this order to Petitioner *pro se*.

**The Clerk of Court is further directed not to reveal Petitioner's identification number or mailing address in any mailings or on the public electronic docket of this action.**

SO ORDERED.

Dated: September 18, 2023
New York, New York

_____
ANALISA TORRES
United States District Judge